3UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **24-20132-CR-BLOOM(s)**
18 U.S.C. § 1960
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

**PAUL OSWALD MORANI,**

Defendant.

_____ /

FILED BY ____BM____ D.C.

Feb 6, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## SUPERSEDING INFORMATION

The United States Attorney charges that:

1. Pursuant to Title 18, United States Code, Section 1960(b)(2), the term "money transmitting" includes transferring funds on behalf of the public by any and all means including but not limited to, transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier.

2. Title 18, United States Code, Section 1960(b)(1)(A) requires money transmitting businesses which affect interstate or foreign commerce in any manner or degree to possess an appropriate money transmitting license from the State in which they operate.

3. At all times relevant to this Superseding Information, money transmitters operating in the State of Florida were required to register under Florida law, and operating a money transmitting business without authorization was punishable as a felony under Florida law.

4. At no time relevant to this Superseding Information did the defendant **PAUL OSWALD MORANI** register with the State of Florida or obtain a license from the State of Florida to operate a money transmitting business.

5. Beginning in or around January 2017, and continuing until in or around March 2024, in Miami-Dade County, in the Southern District of Florida, Argentina, and elsewhere, the defendant

**PAUL OSWALD MORANI**,

did knowingly conduct, control, manage, supervise, direct and own all and part of an unlicensed money transmitting business, as the term is defined in Title 18, United States Code, Section 1960(b), which transferred funds within this country and to locations abroad, on behalf of the public by means of wire transfers, which affected interstate and foreign commerce, and which was operated without an appropriate money transmitting license in a State, that is, Florida, where such operation was punishable as a felony, in violation of Title 18, United States Code, Sections 1960(a) and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Superseding Information are re-alleged and incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **PAUL OSWALD MORANI**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1960, as alleged in this Superseding Information, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the violation, and any property traceable to such property.

3. The property which is subject to criminal forfeiture includes, but is not limited to, the following:

    (a) All assets in account number 815-022483 held at Morgan Stanley in the

name of Paul Oswald Morani seized pursuant to warrant on or about December 16, 2021;

  (b) All assets in account number 815-018542 held at Morgan Stanley in the name of Highluck Investment, Inc. seized pursuant to warrant on or about December 16, 2021; and

  (c) The real property known and numbered as 2201 Collins Avenue, Unit 922, Miami Beach, Florida (Folio No. 02-3234-218-2370), together with all improvements, appurtenances, attachments, and fixtures thereon and therein.

All pursuant to Title 18, United States Code, Section 982(a)(1), and the procedures set forth in Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1).

_____
HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

_____
MONIQUE BOTERO
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 24-20132-CR-BLOOM(s)

v.

PAUL OSWALD MORANI,

                                           /
Defendant.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) Yes
Number of New Defendants   0
Total number of new counts   1

**Court Division** (select one)
- [x] Miami
- [ ] Key West
- [ ] FTP
- [ ] FTL
- [ ] WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take   0   days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I [x] 0 to 5 days
   - II [ ] 6 to 10 days
   - III [ ] 11 to 20 days
   - IV [ ] 21 to 60 days
   - V [ ] 61 days and over

   (Check only one)
   - [ ] Petty
   - [ ] Minor
   - [ ] Misdemeanor
   - [x] Felony

6. Has this case been previously filed in this District Court? (Yes or No) Yes
   If yes, Judge Beth Bloom   Case No. 24-CR-20132-BB
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Judge Lisette M. Reid   Magistrate Case No. 24-mj-02537-LMR
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: /s/ Monique Botero
Monique Botero
Assistant United States Attorney
FL Bar No.   722286

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** PAUL OSWALD MORANI

**Case No:** 24-CR-20132-Bloom(s)

Count #: 1

Knowingly conduct, control, manage, supervise, direct and own all or part of an unlicensed money

Title 18, United States Code, Section 1960

* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 years
* **Max. Fine:** Not more than greater twice gross gains or twice gross loss

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 24-20132-CR-BLOOM(s) |
| PAUL OSWALD MORANI, | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*